VANDERBURGH COUNTY DEPARTMENT OF PUBLIC WELFARE, Dale Work, in his official capacity as Director of the Vanderburgh County Department of Public Welfare, Appellant (Defendant Below),

v.

Kevin PRINDLE, Appellee (Plaintiff Below).

No. 1–1280A336.

Court of Appeals of Indiana, First District.

April 20, 1981.

Dennis Brinkmeyer, Evansville, for appellant.

David R. Roulston, Evansville, for appellee.

ROBERTSON, Judge.

The Vanderburgh County Department of Public Welfare (DPW) appeals from a judgment in favor of appellee-plaintiff. The sole issue is whether DPW is responsible for medical bills incurred by Prindle, an indigent resident of Vanderburgh County, Indiana, resulting from an injury incurred by Prindle while in Illinois.

The issue is resolved by the Highway Medical Act, *Ind.Code*, 12–5–2–1 *et seq.*, with the pertinent parts reading:

> On and after the effective date [July 8, 1965] of this act, in the event any indigent person is injured or in the event any indigent person who is a nonresident of this state becomes ill in any county of this state, any hospital to which such indigent person is admitted for care or any physician furnishing medical services to such indigent person shall within seventy-two [72] hours, not counting holidays or weekends, report such matter to the department of public welfare of the county in which the person is injured or becomes ill. The department shall promptly complete an investigation to determine the legal residence, establish need and determine eligibility for the payment of the cost of medical or hospital care for such indigent person and shall promptly report its findings to the reporting hospital or physician.
>
> The cost of any such medical or hospital care arising out of such illness or accident shall be borne by the county of the legal residence of the indigent person: Provided, That in situations where it is determined that the indigent person has no legal residence in any county of this state or where the legal residence of the indigent person is not determined, the cost of any such medical, hospital care and the cost of transportation to the place of treatment arising out of the illness or accident shall be borne by the county in which the indigent person is injured or become[s] ill. The cost of the medical, hospital care and the cost of transportation to the place of treatment shall be paid out of any money appropri-

ated to the county Welfare department. For the purpose of this act the term "indigent person" shall mean a person without financial resources to pay for such medical or hospital care.

IC 12–5–2–1.

> For the purpose of this act [12–5–2–1—12–5–2–5], whenever used herein, the term 'legal residence' shall mean actual residence within the state of Indiana for one [1] year immediately prior to the date the indigent person is injured or becomes ill and actual residence within the county at the time the indigent person is injured or becomes ill.

IC 12–5–2–4.

Reading the statutes in a manner giving the words their plain and ordinary meaning, we agree with the trial court's judgment stating that bona-fide indigent residents of Indiana who are injured out of state but receive treatment in Indiana for that injury come within the purview of IC 12–5–2–1 *et seq.*, and that the county of their residence, all other conditions being met, shall bear the medical and hospital care.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.